12689

SOUTHERN BANK & TRUST CO. v. SUMTER PINE CO. *ET AL.*

(148 S. E., 887)

*Messrs. Brantley & Zeigler,* and *Epps & Levy,* for appellants,

*Messrs. Sims & Sims,* and *Wendell M. Levi,* for respondents.

June 27, 1929.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The plaintiff, Southern Bank & Trust Company, commenced this action against the defendants, Sumter Pine Company and H. E. Parker, in the County Court of Orangeburg County, August 8, 1925, which was an action on a promissory note alleged to have been executed by the defendant, Sumter Pine Company, made payable to the order of L. A. Walker and indorsed before delivery by the defendant H. E. Parker, and alleged to have been discounted with the plaintiff, duly indorsed by the payee, before due date. In their answer the defendants denied that the note was executed and delivered by the Sumter Pine Company, and allged as follows: "That these defendants admit that the name of the defendant, H. E. Parker, appears on the back of the said note, but allege that it was put there by mistake and that no liability was incurred by the said H. E. Parker thereby; that they deny that the plaintiff is the legal owner and holder of the said note; and have no knowledge or information sufficient to form a belief as to the other allegations of the said paragraph and therefore deny the same."

The case came on for trial before Hon. B. H. Moss, County Judge, and a jury April 14, 1926. At the close of the plaintiff's testimony the defendants made a motion for a non-suit, which motion was refused. At the close of all the testimony, on motion of the plaintiff, his Honor, Judge Moss, directed a verdict for the plaintiff for the full amount, $619-.74. From the entry of judgment on the verdict the defendants have appealed to this Court, imputing error to his Honor, Judge Moss, in the particulars alleged in the several exceptions.

The exceptions raise three questions, namely:

(1) Did the Court err in admitting the note in evidence?

(2) Did the Court err in refusing defendant's motion for a non-suit?

(3) Was it proper for the Court to direct a verdict for the plaintiff?

The note in question was signed, in ink, as follows:

"Sumter Pine Comp.

"Pres."

On the back of the note was the following indorsement:

"We hereby endorse the within obligation and waive protest and notice of non-payment hereof.

[Signed] H. E. Parker,

L. A. Walker."

The record shows that the defendant Sumter Pine Company is a corporation and the defendant H. E. Parker was president of the corporation at the time of the execution of the note. The defendant Sumter Pine Company was indebted unto the said L. A. Walker, and, not being in a position to make payment, at the request of Walker, agreed and undertook to execute unto Walker a note for the sum of $500. It it shown by the testimony of Walker that the note was prepared and signed at the office of the defendants; that he (Walker) H. E. Parker, president of the Sumter Pine Company, and T. H. Parker, a director, were present in the office of the Sumter Pine Company during the negotiations that led up to the execution of the note and when it was agreed that the note should be executed; that T. H. Parker went into an adjoining room where the bookkeeper was and when he (T. H. Parker) came out of this adjoining room he brought with him the note in question, signed as above stated, and handed it to H. E. Parker, and told H. E. Parker to indorse it, and H. E. Parker indorsed it and handed it to him, L. A. Walker, the payee. The following day the plaintiff, Southern Bank & Trust Company, came into possession of the note by paying value received for the same, at which time L. A. Walker also indorsed the note. When the note became due it was not paid and was turned over to Walker to collect for the plaintiff, and was later placed in the hands of an at-

torney with instructions to institute suit. The testimony of Walker as to what was done with the note after its execution was substantiated by the witness, Scoville Wannamaker, cashier for the bank, plaintiff herein, which witness, testified that the plaintiff was the owner of the note, having for value received come into possession of the same the day following its execution, and that nothing had been paid thereon.

It was brought out on cross-examination of these witnesses that while Walker had the note in hand for collection for the bank he gave to the bank his note to be held as collateral to the note in question, and it is contended by appellant that this transaction tended to show that the bank (Southern Bank & Trust Company, plaintiff herein) was not the owner of the note in question. We do not agree with appellant. As we view the testimony the only reasonable inference to be drawn therefrom is that the bank was the owner of the note and had gotten Mr. Walker to aid the bank in making collection, and that the note executed by Walker was only intended to be held as collateral.

It is the further contention of appellant that under the negotiable instrument act the note in question is incomplete, that it was not shown to have been signed by the Sumter Pine Company. Not only does the testimony of plaintiff's witnesses establish the fact that there was an agreement that the Sumter Pine Company would execute the note in question and that the Sumter Pine Company undertook to carry out the agreement by delivering to Walker the note in question, but H. E. Parker and T. H. Parker, officers of the Sumter Pine Company, in the course of their testimony, admitted that there was such an agreement and that the note in question was delivered to Walker, signed and indorsed as above stated.

It is true, as contended by appellants, that these officers, H. E. Parker and T. H. Parker, testified that there was no agreement that H. E. Parker would indorse the note, and H.

E. Parker testified that he indorsed the note, signed it on the back, through mistake. T. H. Parker stated that he handed the note to his brother, H. E. Parker, to sign the note as president of the Sumter Pine Company, and he thought his brother had signed it in that capacity. H. E. Parker testified that he indorsed the note by mistake, testifying on this point as follows: "Q. How do you explain that you endorsed this note, Mr. Parker? A. I am in the habit of endorsing notes for the Parker Lumber Company and when the note was given to me I thought it was a note of Parker Lumber Company and wrote my name on the back of it."

Under this testimony it is the contention of appellants that his Honor, Judge Moss, erred in admitting the note in evidence, in refusing the motion for a non-suit and in granting plaintiff's motion for direction of a verdict.

We do not agree with appellants. The note was properly admitted in evidence, and we fail to see any ground for granting the motion for non-suit. In our opinion the record did not support the motion, and his Honor, Judge Moss, committed no error in refusing it.

As to the exceptions imputing error to his Honor, in directing a verdict for the plaintiff, the same must be overruled also. While in their answer the defendants deny the execution and delivery of the note in question on the part of each defendant, in their testimony they admit the execution and delivery as to the defendant Sumter Pine Company, and the only reasonable inference to be drawn from the testimony is that the plaintiff came into possession of the note before it became due, in due course, and the note has not been paid.

As to the defendant, H. E. Parker, we think it was also proper to direct a verdict against that defendant.

While there was testimony on the part of this defendant which might be said to raise an issue between that defendant and Walker, as to whether or not he (H. E. Parker) should

be held liable as an indorser of the note, as between the original parties, but the Court is not called upon to pass upon such question, such testimony could serve no useful purpose in this suit, for the reason, as shown herein, the plaintiff is a holder in due course. The defendant H. E. Parker allowed the note to go out into the channels of trade with his indorsement thereon, and thereby induced the plaintiff to purchase the note under the belief that the note was duly indorsed by him (H. E. Parker). Therefore, H. E. Parker will not now be heard to say that he did not indorse the note.

The exceptions are therefore overruled, and it is the judgment of this Court that the judgment of the County Court of Orangeburg County be affirmed.

MR. CHIEF JUSTICE WATTS and MR. JUSTICE STABLER concur.

MR. JUSTICE COTHRAN (concurring in result): I do not think that there is any question of the proposition that, when an instrument purports to have been signed by a corporation and the name is shown to have been signed by an officer authorized to do so, it will be deemed the obligation of the corporation, notwithstanding the fact that the signature of the corporation is unaccompanied by that of the officer.

In the case at bar, however, it does not appear that the name of the corporation was placed upon the face of the note by an authorized officer of the corporation; in fact the evidence tends to show that it was placed there by one not authorized to sign for the company, and that a blank space was left for the signature of the president who was so authorized. The bank therefore took the note with notice that it was an incomplete paper, and cannot therefore be deemed a holder in due course.

If the note had borne simply the indorsement of Parker, I think that it would have been open to him to set up the defense of mistake, but unfortunately for him his signature was written under the words: "We hereby indorse the *within obligation* and waive protest and notice of non-payment."

He is now estopped from denying that the signature was that of the corporation, and that he sustained the relation of an indorser. To allow him to deny the contract which he entered into would be to deny the rule that a person is bound by the terms of his contract voluntarily assumed and would violate the well-known parol evidence rule.

MR. JUSTICE BLEASE concurs.